**MORGAN, LEWIS & BOCKIUS LLP**
Jeremy P. Blumenfeld (No. 015882000)
Stephanie R. Reiss (*Pro Hac Vice*)
Mary Ann McNulty (*Pro Hac Vice*)
Catherine Houseman (*Pro Hac Vice*)
Tel:    +1.215.963.5000
jeremy.blumenfeld@morganlewis.com
stephanie.reiss@morganlewis.com
mary.mcnulty@morganlewis.com
cait.houseman@morganlewis.com

*Attorneys for Defendant Hackensack Meridian
Health, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEIDRA JACOBS, DENNIS LUBRIN, JACQUELINE JACK, and LUANNE RAZON, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>HACKENSACK MERIDIAN HEALTH, INC.<br><br>              Defendant. | Case No:  2:25-CV-01272<br><br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT........................................................................................2

    A.    Plaintiffs Have Not Plausibly Alleged Any Claim Challenging
        The TIAA SVF. ...................................................................................2

        1.    The TIAA SVF Is Less Risky Than The Proffered
               Comparators, So There Is No Basis For Inferring A
               Flawed Fiduciary Process Based On Different Returns. ...........2

        2.    Caselaw Applicable To Other Investment Options Also
               Applies To Stable Value Funds. ...............................................4

        3.    The "Degree And Duration Of Underperformance" Is,
               Again, Improper Hindsight That Does Not State A
               Claim. .........................................................................................7

        4.    Plaintiffs Cannot Avoid Their Poorly Pleaded Complaint
               That Fails To Allege Adequate Comparators To The
               TIAA SVF. ................................................................................8

    B.    Plaintiffs Cannot Allege A Fiduciary Breach For Excessive
        Recordkeeping Fees Because The $45 Fee Covered Services To
        Multiple Plans, And The Complaint Does Not Identify Any
        Other Plans That Received Similar Multiple-Plan Services. .............10

    C.    Dismissal Should Be With Prejudice. ...............................................12

III.  CONCLUSION...................................................................................13

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert v. Oshkosh Corp.*,
   47 F.4th 570 (7th Cir. 2022) .................................................................8

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
   137 F.4th 1015 (9th Cir. 2025) ..........................................................6, 8

*Barchock v. CVS Health Corp.*,
   2017 WL 9324762 (D.R.I. Jan. 31, 2017), *R&R adopted*, 2017 WL
   1382517 (D.R.I. Apr. 18, 2017), *aff'd*, 886 F.3d 43 (1st Cir. 2018) ....................5

*Barchock v. CVS Health Corp.*,
   886 F.3d 43 (1st Cir. 2018)...................................................................4

*Barrett v. O'Reilly Auto., Inc.*,
   112 F.4th 1135 (8th Cir. 2024) ...........................................................12

*Cho v. Prudential Ins. Co. of Am.*,
   2021 WL 4438186 (D.N.J. Sept. 27, 2021)............................................7

*Ellis v. Fid. Mgmt. Tr. Co.*,
   883 F.3d 1 (1st Cir. 2018).....................................................................8

*England v. DENSO Int'l Am., Inc.*,
   2023 WL 4851878 (E.D. Mich. July 28, 2023), *aff'd*, 136 F.4th
   632 (6th Cir. 2025)..............................................................................6, 7

*Forman v. TriHealth, Inc.*,
   40 F.4th 443 (6th Cir. 2022) .............................................................9, 10

*Glick v. ThedaCare, Inc.*,
   2022 WL 16927749 (E.D. Wis. Oct. 27, 2022), *R&R adopted*,
   2022 WL 16924188 (E.D. Wis. Nov. 14, 2022)...................................6

*Laabs v. Faith Techs., Inc.*,
   2022 WL 17418358 (E.D. Wis. Nov. 9, 2022), *R&R adopted*, 2022
   WL 17417583 (E.D. Wis. Dec. 5, 2022) ..............................................6

ii

*Lalonde v. Mass. Mutual Ins.*,
    728 F. Supp. 3d 141 (D. Mass. 2024).................................................................5

*Matney v. Barrick Gold of N. Am.*,
    80 F.4th 1136 (10th Cir. 2023) ...........................................................................8

*Mator v. Wesco Distrib., Inc.*,
    102 F.4th 172 (3d Cir. 2024) .....................................................................*passim*

*Matousek v. MidAm. Energy Co.*,
    51 F.4th 274 (8th Cir. 2022) ...........................................................................3, 8

*Pledger v. Reliance Tr. Co.*,
    240 F. Supp. 3d 1314 (N.D. Ga. 2017)...............................................................5

*Renfro v. Unisys Corp.*,
    671 F.3d 314 (3d Cir. 2011) ...............................................................................8

*Sandoval v. Exela Enter. Sols., Inc.*,
    2020 WL 9259108 (D. Conn. Mar. 30, 2020) .....................................................6

*Singh v. Deloitte LLP*,
    123 F.4th 88 (2d Cir. 2024) ................................................................................8

*Smith v. CommonSpirit Health*,
    37 F.4th 1160 (6th Cir. 2022) ...........................................................3, 7, 8, 12

*Sweda v. Univ. of Pa.*,
    923 F.3d 320 (3d Cir. 2019) ...............................................................2, 3, 4, 9

*In re Unisys Sav. Plan Litig.*,
    74 F.3d 420 (3d Cir. 1996) .................................................................................5

*White v. Chevron Corp.*,
    2016 WL 4502808 (N.D. Cal. Aug. 29, 2016), *aff'd*, 752 F. App'x
    453 (9th Cir. 2018).............................................................................................5

**Statutes**

29 U.S.C. § 1104 ....................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 15 .................................................................................................12

Fed. R. Civ. P. 12 ................................................................................3, 4, 9, 12

## I.      INTRODUCTION

Plaintiffs' Opposition does nothing to save their stable value fund ("SVF") claim or their recordkeeping claim from dismissal.

As a threshold issue, the SVF claim can be decided at the motion-to-dismiss stage, given key concessions in the Complaint.  Despite Plaintiffs' argument to the contrary, no dispute exists "regarding SVF risk levels."  Dkt. 33 ("Opp.") at 3.  The Complaint itself admits that general account funds are "the riskiest type of stable value funds" and "are riskier than separate account" funds. Compl. ¶ 84.  That means a separate account fund—like the TIAA SVF in the Plan—is less *risky* than general account funds Plaintiffs pose as comparators.  Because the Third Circuit permits comparing risk levels of investment options at the motion-to-dismiss stage—and this fact was explicitly *alleged in the Complaint*—the comparators are not a meaningful benchmark for the TIAA SVF and cannot state a claim.

On the recordkeeping claim, Plaintiffs continues to ignore the actual terms of the recordkeeping agreement on which their claims rely.  That agreement confirms that the "$45 per participant" fee includes recordkeeping services for upwards of 25 separate plans.  Of course, if participants are in just two of the 25 plans, that means each plan is paying only $22.50 per participant.  One of the named Plaintiffs was in multiple plans, Compl. ¶ 30, and the Complaint alleges no facts about how many other participants were—or were not—in multiple plans.  Similarly, the Complaint

1

does not allege that *any* of the comparators received recordkeeping services for up to 25 plans per participant for a lower fee than the Plans here. Accordingly, this claim too should be dismissed.

## II.  ARGUMENT

### A.  Plaintiffs Have Not Plausibly Alleged Any Claim Challenging The TIAA SVF.

#### 1.  The TIAA SVF Is Less Risky Than The Proffered Comparators, So There Is No Basis For Inferring A Flawed Fiduciary Process Based On Different Returns.

The TIAA SVF is a "separate account" stable value fund and is therefore less risky than "general account" funds like Plaintiffs' proffered comparators. *See* Compl. ¶¶ 84, 93 (chart stating under funding options that TIAA SVF has a "*separate account* collateral portfolio") (emphasis added); Mot. at 6, 7, 21; Ex. A, Dkt. 24-3, at 2–3; Opp. at 34. The Complaint specifically alleges that "general account" funds are "the riskiest type of stable value funds, because they are more vulnerable to single entity credit risk and are riskier than separate account" funds. Compl. ¶ 84.

Nevertheless, Plaintiffs argue that "factual disputes about [different] comparisons are premature." *See* Opp. at 17 (citing *Sweda v. Univ. of Pa.*, 923 F.3d 320, 332 (3d Cir. 2019) and *Mator v. Wesco Distrib., Inc.*, 102 F.4th 172, 181 (3d Cir. 2024)). But there is no "factual dispute" here. The Complaint admits that there are "several different types of stable value investments in the retirement plan

marketplace," with general account funds being "the riskiest type of stable value funds." *See* Compl. ¶¶ 82–84. And, critically, the documents cited in the Complaint and Plaintiffs' own contracts confirm that the TIAA SVF is a separate account product, *less risky* than Plaintiffs' proffered SVFs. *See* Mot. at 6, 21; Ex. A, Dkt. 24-3, at 2–3; Ex. E, Dkt. 24-7, at 1–2. Thus, Plaintiffs have not plausibly alleged a meaningful benchmark to survive dismissal.

And Plaintiffs' caselaw does not help them, but instead confirms that their claims fail as a matter of law. First, the Third Circuit in *Mator* (one of the cases Plaintiffs rely on) explained that it "agree[s] with [its] sister Circuits' articulation of the relevant law in those cases." *Mator*, 102 F.4th at 188, specifically citing *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022) and *Matousek v. MidAm. Energy Co.*, 51 F.4th 274 (8th Cir. 2022). But both *Smith* and *Matousek rejected* the very sort of investment challenges Plaintiffs make here. See also Mot. at 19 n.6.

Moreover, *Sweda* held that "the risk profiles" of investment options are a "readily ascertainable fact[] against which the plausibility of claims . . . should be measured." *Sweda*, 923 F.3d at 330. So, the Third Circuit specifically endorsed considering risk profiles on Rule 12(b)(6). And that is especially true here, where the Complaint and the documents cited in it confirm it. *See* Compl. ¶ 84 (admitting general account products "are the riskiest type of stable value funds, as they are more vulnerable to single entity credit risk and are riskier than separate account" funds);

3

Mot. at 6, 21. Comparing a challenged fund with lower risk to the "riskiest" fund with higher returns does not support an inference of a flawed fiduciary process—particularly for an investment that is designed to preserve principal and minimize risk. *Barchock v. CVS Health Corp.*, 886 F.3d 43, 49–50 (1st Cir. 2018) (affirming Rule 12(b)(6) dismissal of stable value performance claim and explaining that "conservativism in the management of a stable value fund—when consistent with the fund's objectives disclosed to the plan participants—is no vice"); Mot. at 3, 20–21.

### 2. Caselaw Applicable To Other Investment Options Also Applies To Stable Value Funds.

Plaintiffs try to avoid precedent compelling dismissal by suggesting that there is something magical about stable value funds that distinguishes them from other types of plan investment options. That argument has no basis in law or the allegations in the Complaint.

As a legal matter, Plaintiffs themselves rely on caselaw—*e.g.*, *Mator* and *Sweda*—that applies to fiduciary breach claims generally without distinguishing between stable value and other types of investments. Moreover, ERISA's statutory duty of prudence applies to all plan investment options. 29 U.S.C. § 1104(a)(1)(B). And as a factual matter, the Complaint admits that different stable value funds have *different* risks and different returns, like all investment options. Compl. ¶¶ 82–84. Some stable value funds are the "least risky;" separate account funds (like the TIAA

4

SVF in the Plans) are "backed by a separate account, which is *less susceptible* to claims and liabilities against the insurer;" and some are general account funds that "are the riskiest types of stable value funds, because they are more vulnerable to single entity credit risk and *are riskier than separate account*" funds. *Id.* (emphasis added). *See also, e.g.*, *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 437 (3d Cir. 1996) (the fact that the challenged stable value fund offered a higher crediting rate than others was evidence that the "risk accompanying [that fund] was unacceptably high") (emphasis added).

For these reasons, Plaintiffs cannot state a claim by comparing two stable value funds based on hindsight-based financial comparisons of returns, particularly without accounting for the different risks, holdings, strategies, or other contract terms of the funds.[1]   Mot. at 12.   Plaintiffs also cannot state a claim merely by

---

[1] *Barchock v. CVS Health Corp.*, 2017 WL 9324762, at *7 (D.R.I. Jan. 31, 2017), *R&R adopted*, 2017 WL 1382517 (D.R.I. Apr. 18, 2017), *aff'd*, 886 F.3d 43 (1st Cir. 2018) ("Plaintiffs must present more than just a failure to adhere to the mean[,]" and "without more, that does not permit an inference either of imprudence or prudence."); *Lalonde v. Mass. Mutual Ins.*, 728 F. Supp. 3d 141, 156–57 (D. Mass. 2024) ("[S]imply selecting two alleged comparator funds with higher credit return rates over a seven-year period is the type of hindsight-based allegation which is insufficient to support a plausible inference of breach."); *Pledger v. Reliance Tr. Co.*, 240 F. Supp. 3d 1314, 1334 (N.D. Ga. 2017) (granting a motion to dismiss a stable value fund claim because "the mere selection of one fund over another, with no allegations (other than hindsight financial comparison) of why the selection was improper"); *White v. Chevron Corp.*, 2016 WL 4502808, at *8 (N.D. Cal. Aug. 29, 2016) ("[P]laintiffs' focus on the relative performance of stable value and money market funds over the last six years is an improper hindsight-based challenge to the Plan fiduciaries' investment decision-making[,]" such that the motion to dismiss was

claiming that all funds with "stable value" in the name are the same.  Mot. at 21–22.

And while the Complaint alleges that all stable value funds have "investment

contracts," the Complaint does not even allege that the TIAA SVF or the

comparators have the same investment contract *terms*.  That is like asking the Court

to infer that all "employment contracts" are the same because they all involve

"employment"—regardless of the different job responsibilities, duration, pay,

benefits, provisions for termination for "cause" or "without cause" (and how those

terms are defined), etc. in those contracts.

Plaintiffs allege no facts that the comparator funds are a meaningful

benchmark for the TIAA SVF, and they admit those other funds are "riskier" than

the TIAA SVF.  Their allegations fail to state a claim and should be dismissed.  Mot.

at 3, 22.  *See also Anderson v. Intel Corp. Inv. Pol'y Comm.*, 137 F.4th 1015, 1023

(9th Cir. 2025) ("[S]imply labeling funds as 'comparable' or 'a peer' is insufficient

to establish that those funds are meaningful benchmarks[.]") (citations omitted).

---

granted), *aff'd*, 752 F. App'x 453 (9th Cir. 2018); *England v. DENSO Int'l Am., Inc.*, 2023 WL 4851878, at *9 (E.D. Mich. July 28, 2023) (collecting cases), *aff'd*, 136 F.4th 632 (6th Cir. 2025); *Sandoval v. Exela Enter. Sols., Inc.*, 2020 WL 9259108, at *6 (D. Conn. Mar. 30, 2020) (same); *Laabs v. Faith Techs., Inc.*, 2022 WL 17418358, at *5 (E.D. Wis. Nov. 9, 2022) ("The complaint . . . alleges merely that the [proffered SVF] was a materially similar and less expensive stable value fund than the [challenged SVF][,]" which "does not raise an inference that the defendants engaged in an imprudent process"), *R&R adopted*, 2022 WL 17417583 (E.D. Wis. Dec. 5, 2022); *Glick v. ThedaCare, Inc.*, 2022 WL 16927749, at *6 (E.D. Wis. Oct. 27, 2022), *R&R adopted*, 2022 WL 16924188 (E.D. Wis. Nov. 14, 2022).

### 3.    The "Degree And Duration Of Underperformance" Is, Again, Improper Hindsight That Does Not State A Claim.

Plaintiffs do not dispute that they only complain about short-term and insubstantial performance differences.  Although such allegations would not be sufficient to state a claim regarding other plan investment options, Mot. at 23–24, Plaintiffs again claim that stable value funds are subject to different rules.  But again, there is no basis in ERISA or the caselaw for such a distinction.  Plaintiffs rely on caselaw regarding other types of investments, and stable value funds have "risks" and returns, holdings, and investment contracts just like other types of investments.

Courts within and outside this Circuit find that these hindsight-based attacks fail to state a claim.  *See Cho v. Prudential Ins. Co. of Am.*, 2021 WL 4438186, at *9 (D.N.J. Sept. 27, 2021) ("[I]f a comparison to a single cheaper fund" stated a claim, then "ERISA plaintiffs could challenge any fund so long as they could identify one cheaper fund sharing some alleged similarities with the challenged fund").  As aptly stated, "[n]ot only is hindsight 20/20, but it also does not meet the plausibility requirement."  *Cho*, 2021 WL 4438186, at *8.  *See also* Mot. at 24.

And, despite Plaintiffs' claim to the contrary (Opp. at 28), stable value funds in retirement plans are intended to preserve assets over a fifty-year timeline, so "[t]he fact that one fund with a different investment strategy ultimately performed better does not establish anything about whether the challenged [SVFs] were an imprudent choice at the outset."  *See England*, 2023 WL 4851878, at *9 (quoting *Smith*, 37

7

F.4th at 1166).  Otherwise, "every [SVF] with below-average results over the most recent five-year period would create a plausible ERISA violation."  *Smith*, 37 F.4th at 1166.  Plaintiffs' belief that they can state a claim simply by selecting an arbitrary window of time to compare SVFs' returns is not the law.[2]

### 4. Plaintiffs Cannot Avoid Their Poorly Pleaded Complaint That Fails To Allege Adequate Comparators To The TIAA SVF.

In the opening brief, Defendant noted that the existence of better performing investments, without demonstrating why the comparators are "meaningful benchmarks," is insufficient to state a claim.  Mot. at 18.[3]

---

[2] Similarly, given the TIAA SVF's objective to preserve assets over decades, simply pointing to a handful of years in which it had a lower return than a different type of SVF cannot support a failure to monitor claim.  This is especially so when there has been no allegation that the TIAA SVF failed to meet its investment objectives.

[3] *See Anderson*, 137 F.4th at 1021 ("[I]t is not enough for a plaintiff simply to allege that the fiduciaries could have obtained better results . . . ."); *Ellis v. Fid. Mgmt. Tr. Co.*, 883 F.3d 1, 9 (1st Cir. 2018) ("We nevertheless balk at the notion that a fiduciary violates ERISA[] . . . simply by picking 'too conservative' a benchmark for a stable value fund."); *Singh v. Deloitte LLP*, 123 F.4th 88, 95 (2d Cir. 2024) (finding plaintiffs must allege a "meaningful benchmark" because an "allegation of a cost disparity alone, without some consideration of the surrounding context" is not sufficient to raise an inference of imprudence); *Renfro v. Unisys Corp.*, 671 F.3d 314, 327 (3d Cir. 2011) (agreeing with "sister circuits[]" that "the characteristics of [investment] options—including the risk profiles . . .—are highly relevant and readily ascertainable facts against which the plausibility of claims . . . should be measured"); *Smith*, 37 F.4th at 1167 (plaintiff fails to state a stable value claim without a "meaningful benchmark" that discusses "consideration of [the funds'] distinct objectives" and "distinct risk profile" of investment options); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 582 (7th Cir. 2022) (claims are "particularly thin" without "any basis for comparison" or discussion related to "a meaningful benchmark"); *Matousek*, 51 F.4th at 280 ("[T]here still must be a 'sound basis for comparison—a meaningful benchmark.'"); *Matney v. Barrick Gold of N. Am.*, 80

8

Plaintiffs simply ignore this authority, relying instead on strained readings of *Sweda* and *Mator*. *See* Opp. at 11, 30. In doing so, Plaintiffs omit the fact that the Third Circuit in *Sweda* found the plaintiff had provided sufficient context to support the claim that the alternatives were "*identical* lower-cost investments." *Sweda*, 923 F.3d at 332 n.7 (emphasis added). And in *Mator*, the Third Circuit expressly "agree[d]" with its sister circuits' explanation of the law—which included the meaningful benchmark standard. *Supra* p. 3.

Plaintiffs make two arguments in response. First, Plaintiffs claim that this is just a factual dispute. *See* Opp. at 31–32. But the appellate authority applies this meaningful benchmark standard *at the pleading stage* when affirming Rule 12(b)(6) dismissal of similar claims. Mot. at 11; *see, e.g.*, *supra* note 3. And here the Complaint admits it all. Compl. ¶¶ 82–85.

Second, Plaintiffs claim that the partial reversal in *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022), is instructive as it relates to Plaintiffs' underperformance claim challenging that TIAA SVF. Opp. at 28. That may be true, but it does not help Plaintiffs here. *Forman* only reversed as it related to "the selection of a more expensive class of *the same fund*." 40 F.4th at 451 (emphasis added). The *Forman* plaintiffs alleged that the defendant "offered them more

---

F.4th 1136, 1148 (10th Cir. 2023) ("[T]o raise an inference of imprudence through price disparity, a plaintiff has the burden to allege a 'meaningful benchmark.'").

expensive mutual fund shares when shares with the *same* investment strategy, the *same* management team, and the *same* investments were available to their retirement plan at lower costs." *Id.* at 446 (emphasis added).  Of course, the Complaint here alleges nothing of the sort.  Mot. at 21–22.

By contrast, for funds with different risk factors, the Sixth Circuit in *Forman affirmed* the lower court's dismissal of the claims on a Rule 12 motion.  40 F.4th at 449 (where plaintiffs only rely on performance over a multi-year period without any additional allegations that "these available alternatives were otherwise equivalent to the selected funds," they have failed to state a claim).  *See also* Mot. at 11 (collecting cases); *supra* note 1.  Here, Plaintiffs offer no facts that the comparator stable value funds are identical except for fees, as in *Forman*.  *See* Mot. at 21–22.  So if *Forman* is instructive, Plaintiffs' failure to allege that these proffered comparators have the same risks, investment managers, investment holdings, and contract terms dooms their claim.

### B. Plaintiffs Cannot Allege A Fiduciary Breach For Excessive Recordkeeping Fees Because The $45 Fee Covered Services To Multiple Plans, And The Complaint Does Not Identify Any Other Plans That Received Similar Multiple-Plan Services.

Despite the Complaint's reliance on the Recordkeeping Agreement, Plaintiffs assert that its fee demonstration—showing that where a participant is in multiple HMH-sponsored plans, the $45 fee is divided between them based on the relative assets held by a participant in each plan—is merely "theoretical."  Opp. at 14.  Of

10

course, the example is just that, an example.  But that example explains how the recordkeeping agreement works: the $45 fee that Plaintiffs complain about is not $45 for each participant in each plan.  Rather, it covers recordkeeping services for each participant in all the plans combined, such that if a participant were in two plans, the fee per plan would be $22.50 (45/2) and if a participant were in three plans, the fee would be $15 per plan (45/3).

The Recordkeeping Agreement states that TIAA will charge $45 per year for each "unique participant" across *all* of the plans sponsored by HMH.  *See* Mot., Ex. H, Section 8.1.  The Recordkeeping Agreement covers over **25** different HMH plans. *See id.* at 1 (listing all HMH-sponsored plans).  Moreover, Plaintiffs concede that Plaintiff Razon is a participant in multiple of the challenged plans.  *See* Opp. at 14; *see* Compl. ¶ 30.

By contrast, Plaintiffs do not *allege* any facts that any of the comparator fee rates they identify cover recordkeeping services for participants in multiple plans, all for the same fee.  And Plaintiffs do not even plead how many participants in the Plans are in multiple Plans, or other HMH-sponsored plans covered by the Recordkeeping Agreement that Plaintiffs do not even challenge.  Without such facts, Plaintiffs' argument is akin to a restaurant-goer who complains that the bill for the buffet, with 25 separate dishes, is higher than had they ordered a single dish off the menu.  And without such allegations, the math in the Complaint does not reflect the

11

fees actually paid by any of the Plans. As the Third Circuit explained just last year in the *Mator* case that Plaintiffs rely on so heavily: "if allegations are based on incorrect arithmetic, common sense says they are not well-pled." *Mator*, 102 F.4th at 190. *See also, e.g.*, *Barrett v. O'Reilly Auto., Inc.*, 112 F.4th 1135, 1139–40 (8th Cir. 2024) (affirming Rule 12(b)(6) dismissal of similar recordkeeping fee challenge). That is exactly the case here.

Accordingly, Plaintiffs' recordkeeping fee allegations fail to state a claim and should be dismissed.

### C.     Dismissal Should Be With Prejudice.

Plaintiffs could have amended their Complaint in response to Defendant's pre-motion letter, *see* Dkt. 11, and could have, again, amended in response to Defendant's Motion to Dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)[.]"). But they offered no proposed amended complaint then, and do not identify how they would amend the Complaint now.

Because the Opposition's request to amend the pleadings does not satisfy Rule 15 nor this Court's Local Rules, it should be denied. *Smith*, 37 F.4th at 1170 (noting plaintiff's "bare request" to amend her pleadings "came in a form that we do not allow under Civil Rule 15, as a short footnote in her brief in opposition to [the] motion to dismiss").

12

## III.   CONCLUSION

For these reasons, Plaintiffs' Complaint must be dismissed in its entirety.

Dated:  October 8, 2025

Respectfully submitted,

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
New Jersey Bar No. 015882000
Mary Ann McNulty (*Pro Hac Vice*)
Catherine Houseman (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103
Tel:  215.963.5000
Fax:  215.963.5001
jeremy.blumenfeld@morganlewis.com
mary.mcnulty@morganlewis.com
cait.houseman@morganlewis.com

Stephanie R. Reiss (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Ctr., 32nd Fl.
Pittsburgh, PA 15219-6401
Tel: 412.560.3300
Fax: 412.560.7001
stephanie.reiss@morganlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Jeremy P. Blumenfeld, hereby certify that on October 8, 2025, a true and correct copy of the foregoing was filed electronically and served upon all counsel of record via operation of the Court's CM/ECF System or by mail upon anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld

14